# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

**DATE 12/16/2017**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/16/2017 11:24:30 AM
CHRISTOPHER A. PRINE
Clerk

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT THE COURT OF APPEALS**

**TO:**     14TH COURT OF APPEALS

**From:**   **Deputy Clerk: SHEMEKA LEE**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:  2014-28653**

**VOLUME _____     PAGE _____     OR     IMAGE # 76662696**

**DUE  1/15/2018          ATTORNEY 6788500**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH COURT OF APPEALS**

**DATE JUDGMENT SIGNED:    9/15/2017**

**MOTION FOR NEW TRIAL DATE FILED   10/16/2017**

**REQUEST TRANSCRIPT DATE FILED     12/14/2017**

**NOTICE OF APPEAL DATE FILED     12/14/2017**

**NUMBER OF DAYS: ( CLERKS RECORD ) 120 DAYS**

**FILE ORDERED:  YES ☐   NO ☐   IMAGED FILED:   YES ☐   NO ☐**

**CODES FOR NOTICE OF APPEAL: BC, C, O**

CHRIS DANIEL
Harris County, District Clerk

By:  /s/ SHEMEKA LEE
       **SHEMEKA LEE, Deputy**

**BC**     NOTICE OF APPEAL FILED
**BG**     NOTICE OF APPEAL FILED – GOVERNMENT
**C**       JUDGMENT BEING APPEALED
**D -**     ACCELERATED APPEAL
**OA**     NO CLERK'S RECORD REQUEST FILED
**O**       CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
**NA**     AMENDED NOTICE OF APPEAL

CAUSE NO. 2014-28653

| | | |
|---|---|---|
| HENRY JEFFERSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| JOHN DOE, REBECCA RUTHERFORD, | § | |
| A/K/A BECKY RUTHERFORD, | § | |
| INDIVIDUALLY AND D/B/A T&T | § | |
| HOISTING, WINN TRAYLOR LANDER | § | |
| A/K/A WT LANDER, INDIVIDUALLY | § | |
| AND D/B/A RUTLAND CONSTRUCTION | § | |
| SERVICES, AND BRAZOS | § | |
| CONTRACTORS DEVELOPMENT, INC. | § | 152ND JUDICIAL DISTRICT |

## NOTICE OF APPEAL

Defendant, **BRAZOS CONTRACTORS DEVELOPMENT, INC.**, files this notice of appeal showing the Court the following:

1.     This appeal is from the 152nd Judicial District of Harris County, Texas, the Honorable Robert Schaffer presiding.

2.     The style of the case in the trial court is 2014-28653; Henry Jefferson v. John Doe, Rebecca Rutherford, a/k/a Becky Rutherford, Individually and d/b/a T&T Hoisting, Winn Traylor Lander a/k/a WT Lander, Individually and d/b/a Rutland Construction Services, and Brazos Contractors Development, Inc.

3.     Defendant, Brazos Contractors Development, Inc. desires to appeal from the Court's Final Judgment, signed September 15, 2017, together with all orders or rulings by operation of law, including this Court's orders on all post-verdict and post-judgment motions.

4.     Defendant is appealing to the First or Fourteenth Court of Appeals in Houston, Texas.

Respectfully submitted,

JOHANSON & FAIRLESS

*/s/ Randy L. Fairless*
RANDY L. FAIRLESS, #06788500
KELLEY J. FRIEDMAN, #00796582
1456 First Colony Boulevard
Sugar Land, Texas 77479
(281) 313-5000/FAX: (281) 340-5100
Email:  RFairless@jandflaw.com
Email:  KFriedman@jandflaw.com

ATTORNEYS FOR DEFENDANT,
**BRAZOS CONTRACTORS DEVELOPMENT, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was sent to all counsel of record and to Rebecca Rutherford, a/k/a Becky Rutherford, Individually and d/b/a T & T Hoisting's last known address via U.S. First Class Mail, Certified Mail (Return Receipt Requested), facsimile, and/or electronically, on this the ___14th___ day of December, 2017.

*/s/ Randy L. Fairless*
RANDY L. FAIRLESS

# JOHANSON & FAIRLESS, L.L.P.
## LAWYERS
1456 First Colony Boulevard
Sugar Land, Texas 77479
281-313-5000
TELECOPIER 281-340-5100

| | |
|---|---|
| MIKE JOHANSON | BRANDON J. BARNES |
| RANDY L. FAIRLESS * | RICHARD "TREY" BARTON, III |
| TODD TAYLOR * | VICKI L. DALEY |
| BART BASDEN * | SCOTT R. FRASE |
| KELLEY J. FRIEDMAN | KEVIN C. KYSER |
| CHRIS M. VOLF | TIMOTHY J. NISBET |

*Board Certified in Personal Injury Trial Law
Texas Board of Legal Specialization

**RANDY L. FAIRLESS**
**DIRECT DIAL 281-340-5102**
**E-Mail RFAIRLESS@JandFLaw.com**

December 13, 2017

**Via Electronic Submission**
Chris Daniel, District Court Clerk
152nd Judicial District Court
Harris County Civil Courthouse
201 Caroline Street, 11th Floor
Houston, Texas 77002

Re: Cause No. 2014-28653; *Henry Jefferson v. John Doe, Rebecca Rutherford, a/k/a Becky Rutherford, Individually and d/b/a T&T Hoisting, Winn Traylor Lander a/k/a WT Lander, Individually and d/b/a Rutland Construction Services, and Brazos Contractors Development, Inc.*; In the 152nd Judicial District Court of Harris County, Texas

Mr. Daniel:

The undersigned represents Defendant Brazos Contractors Development, Inc. in the above-referenced matter. Please let this letter serve as a request, pursuant to Texas Rule of Appellate Procedure 34.5, that you prepare and file the Clerk's Record in the above-referenced matter with the First or Fourteenth Court of Appeals in Houston, Texas. The undersigned certifies that a copy of this letter is being served on all counsel of record in accordance with Texas Rule of Civil Procedure 21a.

Defendant is appealing this case to the First or Fourteenth Court of Appeals in Houston, Texas and have filed its notice of appeal. In addition to those items required by Texas Rule of Appellate Procedure 34.5(a)(1)-(11), Defendant specifically requests that, pursuant to Rule 34.5(a)(13), the following items (**and all exhibits attached thereto**) also be included in the Clerk's Record:

| Image No. | Document Name | Date Filed |
|---|---|---|
| 77032633 | Defendant Brazos Contractors Development Inc.'s Motion for New Trial | 10/16/17 |
| 76662696 | Judgment (Signed) for Plaintiff on Jury Verdict | 9/15/17 |
| 76212440 | Plaintiff's Reply to Defendant Brazos Contractors Development Inc.'s Response to Plaintiff's Motion to Enter Judgment | 8/3/17 |
| 76178464 | Defendant Brazos Contractors Development Inc.'s Response in Opposition to Plaintiff's Motion to Enter Judgment | 8/1/17 |
| 75799888 | Plaintiff's Motion to Enter Judgment | 7/6/17 |
| 75746633 | Question from the Jury During Deliberation | 6/29/17 |
| 75746634 | Charge of the Court | 6/29/17 |
| 75700714 | Plaintiff's Third Amended Proposed Jury Charge | 6/28/17 |
| 75746630 | Plaintiff's Supplemental Jury Instruction with Respect to Plaintiff's Exhibit 02 | 6/28/17 |
| 75746631 | Plaintiff's Second Supplemental Jury Instruction | 6/28/17 |
| 75746632 | Jury Charge Questions | 6/28/17 |
| 75693700 | Plaintiff's Supplemental Jury Instruction With Respect to Plaintiff's Exhibits 2 | 6/27/17 |
| 75696853 | Plaintiff Second Supplemental Jury Instructions | 6/27/17 |
| 75660662 | Defendant Brazos Contractors Development Inc.'s Trial Brief to Exclude Certain Contracts from Evidence | 6/26/17 |
| 75657169 | Plaintiff Trial Brief on Proof of Future Medical Expenses | 6/23/17 |
| 75625513 | Plaintiff's Second Amended Proposed Jury Charge | 6/22/17 |
| 75607488 | Plaintiff's Trial Brief on Admissibility of OSHA Regulations | 6/21/17 |
| 75616218 | Plaintiff's Amended Proposed Jury Charge | 6/21/17 |
| 75551363 | Plaintiff's Fifth Amended Petition | 6/16/17 |
| 75547407 | Order Granting Mtn in Limine in Part signed see Order | 6/15/17 |
| 75547408 | Order Granting Mtn in Limine in Part signed see Order | 6/15/17 |
| 75171384 | Plaintiff's Notice Filing Business Records Affidavit for Medical Records of Shelley Seidel D.D.S., M.D. | 5/19/17 |
| 75046388 | Plaintiff's Response to Defendant Brazos Contractors Development, Inc.'s Motion to Quash Deposition of Plaintiff's Rebuttal Witness Mohanmed G. ATTA and Request for Extension of Discovery Deadlines | 5/11/17 |
| 75052582 | Proposed Order Denying Defendant Brazos Contractors Development, Inc.'s Motion to Quash Deposition of Plaintiff's Rebuttal Witness Mohamed G. ATTA M.D. Granting Plaintiff's Request for Extension of Discovery Deadline | 5/11/17 |
| 74940995 | Defendant's Response to Plaintiff's No Evidence Motion for Summary Judgment on The Issue of Brazo's Designation of | 5/3/17 |

| | | | |
|---|---|---|---|
| | | W.T. Lander Individually and D/B/A Rutland Construction As A Responsible Third Party | |
| | 74940994 | Proposed Order Denying Plaintiff's No Evidence Motion for Summary Judgment on The Issue of Brazo's Designation of W.T. Lander Individually and D/B/A Rutland Construction as a Responsible Third Party | 5/3/17 |
| | 74944321 | Defendant's Motion to Quash The Notice of Intent To Take Oral and Videotaped Deposition of Mohamed G. ATTA, M.D. | 5/3/17 |
| | 74944322 | Proposed Order | 5/2/17 |
| | 74849665 | Defendant Brazos Contractors Development, Inc.'s Objections to Subpoena Duces Tecum to Matt Gardiner | 4/27/17 |
| | 74851190 | Order Signed Denying Motion to Strike Pleading | 4/27/17 |
| | 74852713 | Interlocutory Default Judgment | 4/27/17 |
| | 74853378 | Order Signed Compelling Production | 4/27/17 |
| | 74781049 | Order Signed Compelling Production | 4/21/17 |
| | 74767355 | Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Designation of Dr. Mohamed ATTA as a Rebuttal Expert Witness | 4/20/17 |
| | 74767371 | Plaintiff's Motion to Strike, Order for Protection, and Response to Defendant's Motion to Compel the Physical and Mental Examination of Plaintiff Henry Jefferson. | 4/20/17 |
| | 74767413 | Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel The Video-Taped Deposition of Robert Cranshaw | 4/20/17 |
| | 74709077 | Defendant Brazos' Response to Plaintiff's Motion to Compel The Oral and Videotaped Deposition of Robert Cranshaw | 4/17/17 |
| | 74652652 | Defendant Brazos Contractors Development, Inc.'s Motion to Strike Plaintiff's Designation of Dr. Mohamed ATTA as a Rebuttal Expert Witness | 4/12/17 |
| | 74661312 | Plaintiff's Motion Compel the Oral and Videotaped Deposition of Robert Cranshaw | 4/12/17 |
| | 74502091 | Defendants Motion to Quash the Notice of intent to take Oral and Videotaped deposition with subpoena of Corwin Boake, Ph.D., MP, ABPP | 3/31/17 |
| | 74502116 | Defendant Brazos Motion to Quash the Notice of Intent to take Oral and Videotaped Deposition of Robert Cranshaw | 3/31/17 |
| | 74502357 | Defendant's Motion to Quash and/or for Protection as to the Notice of Intent to take Oral and Videotaped Deposition with Subpoena of Leonard Hershkowitz, M.D. | 3/31/17 |
| | 74508490 | Plaintiff Henry Jefferson's No Evidence Motion for Summary Judgment on the issue of Brazos' Designation of W.T. Lander Individually and d/b/a Rutland Construction as a Responsible Third Party | 3/31/17 |

| | | | |
|---|---|---|---|
| | 74533736 | Order signed granting entry of temporary orders | 3/31/17 |
| | | Order signed granting trial continuance | 3/31/17 |
| | 74470908 | Opposition to Plaintiff's Verified Motion for Continuance and to Enlarge Time for Discovery | 3/30/17 |
| | 74444109 | Plaintiff's Verified Motion for Continuance and to Enlarge Time for Discovery | 3/28/17 |
| | 74375644 | Plaintiff's Objections and Response to subpoena duces tecum attached to cross notice of deposition of Donald F. Cohen DDS | 3/22/17 |
| | 74335210 | Plaintiff's Objections and Response to subpoena duces tecum attached to notice of deposition of John DeFrance, Ph.D. | 3/21/17 |
| | 74317057 | Plaintiff's Objections and Response to subpoena duces tecum attached to notice of deposition of George Lyle Charles, Jr. | 3/20/17 |
| | 74300501 | Plaintiff's Notice of Filing Business Records Affidavit for Medical Records of Shelley Seidel, D.D.S., M.D. | 3/17/17 |
| | 74101358 | Defendant's Motion to Exclude Duplicative Testimony and Evidence offered by Donald Cohen Shelley Seidel Jerome Spear and George Charles, Jr. | 3/3/17 |
| | 74009532 | Plaintiff's Fourth Amended Petition | 2/27/17 |
| | 73999062 | Defendant's Motion to Compel Authorizations | 2/24/17 |
| | 74009496 | Letter to Judge regarding emergency hearing | 2/24/17 |
| | 73854017 | Defendant's Motion to Compel the Physical and Mental Examination of Plaintiff | 2/15/17 |
| | 73825544 | Defendant Brazos Contractors Development, Inc.'s Motion for Leave to Designate Winn T. Lander a/k/a WT Lander Individually and d/b/a Ruthland Construction Services as Responsible Third Party | 2/13/17 |
| | 73563894 | Defendant's Reply to Plaintiff Henry Jefferson's Response to Defendant Brazos Contractors and Development Inc.'s Traditional and No Evidence Motion for Summary Judgment and Cross Motion on the Issue of Control | 1/25/17 |
| | 73563934 | Defendant's Response to Plaintiff's Objections to Defendant Brazos' Summary Judgment Proof | 1/25/17 |
| | 73557360 | Plaintiff Henry Jefferson's Response to Defendant Brazos Contractors and Development, Inc.'s Traditional and No Evidence Motion for Summary Judgment and Cross Motion on the Issue of Control | 1/24/17 |
| | 73496530 | Plaintiff's Third Amended Petition | 1/20/17 |
| | 73510637 | Jefferson Objections to Defendant Brazos Summary Judgment Proof | 1/20/17 |
| | 73494173 | Plaintiff's Second Amended Petition | 1/19/17 |
| | 73326024 | Defendant's First Amended Answer and Jury Demand | 1/6/17 |
| | 72966002 | Notice of Appearance | 12/5/16 |

| 72721621 | Brazos Contractors Development Inc.'s Traditional and No Evidence Motion for Summary Judgment | 11/14/16 |
| 72472929 | Plaintiff's Designation of Expert Witnesses | 10/19/16 |
| 70999216 | Motion to Compel the Appearance of Winn Traylor Lander d/b/a Rutland Construction Services at Deposition, Motion for Contempt and Order to Appear | 7/8/16 |
| 71015625 | Motion Compel Contempt Order to Appearance of T.J. Bendon at Deposition, Motion for Contempt and Order to Appear | 7/8/16 |
| 69821922 | Plaintiff's First Amended Original Petition | 4/14/16 |
| 69489806 | Plaintiff's Notice of Appearance of Additional Counsel | 3/21/16 |
| 65956261 | Order signed granting leave to designate responsible third party | 6/24/15 |
| 64906375 | Order signed granting leave to designate responsible third party | 4/2/15 |
| 64560880 | Defendant Brazos Contractors Development, Inc.'s Motion for Leave to Designate Rebecca Rutherford a/k/a Becky Rutherford, Individually and d/b/a  T&T Hoisting as a responsible third party | 3/10/15 |
| 61549487 | Defendants Original Answer and Jury Demand | 7/11/14 |
| 60867567 | Plaintiff's Original Petition | 5/20/14 |

**Please provide an estimate of costs for the preparation of this record, and we will forward payment promptly**.

Thank you for your attention and assistance in this matter.  Please do not hesitate to contact me if you have any questions regarding the preparation of the Clerk's Record.

Respectfully,

*Randy L. Fairless*

RANDY L. FAIRLESS

RLF/KJF/plp

cc:    ***Via Email and/or Electronic Submission***

Geoffrey M. Allen
Law Office of Geoff Allen, PLLC

Trey Apffel
Apffel Law Firm

Peter M. Kelly
Kelly, Durham & Pittard, LLC

*Attorneys for Plaintiff,*
*Henry Jefferson*

cc:  ***Via Email and/or Electronic Submission and/or last know addresses***

Defendant, Becky Rutherford a/k/a Beck Rutherford Individually
and d/b/a T&T Hoisting

NO. 2014-28653

| | | |
|---|---|---|
| HENRY JEFFERSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| JOHN DOE, REBECCA RUTHERFORD, | § | |
| A/K/A BECKY RUTHERFORD, | § | |
| INDIVIDUALLY AND D/B/A | § | HARRIS COUNTY, TEXAS **FILED** |
| T & T HOISTING, WINN TRAYLOR | § | Chris Daniel |
| LANDER, A/K/A WT LANDER, | § | District Clerk |
| INDIVIDUALLY AND D/B/A | § | SEP 15 2017 |
| RUTLAND CONSTRUCTION | § | |
| SERVICES, AND BRAZOS | § | Harris County, Texas |
| CONTRACTORS DEVELOPMENT, INC. | § | 152nd JUDICIAL DISTRICT   Deputy |

## FINAL JUDGMENT

On June 19, 2017, this case was called for trial. Plaintiff Henry Jefferson appeared through his attorneys and announced ready for trial. Defendant Brazos Contractors Development, Inc. appeared through its attorneys and announced ready for trial. Defendant Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting did not appear at trial. After a twelve-member jury was impaneled and sworn, it heard evidence and arguments of counsel. In response to the jury charge, the jury made findings that the Court received, filed and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit A and incorporated by reference. Plaintiff filed a motion for entry of judgment. Based on the jury's verdict and the application of applicable law, the Court hereby RENDERS

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

judgment for Plaintiff. Therefore, the Court finds and orders that Plaintiff shall recover damages and other monies from the Defendant, as set forth below.

## I.  Judgment against Defendant Brazos Contractors Development, Inc.

### A.  Damages

The Court instructed the jury that Brazos Contractors Development, Inc. retained some control over the erection of the steel frame, other than the right to order the work to start or stop or to inspect progress or receive reports. The jury found that Brazos Contractors Development, Inc. negligently exercised that control, and that the negligence proximately caused the injuries sustained by Henry Jefferson. The jury also found that due to the acts of Defendant Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting and designated responsible third party Winn Traylor a/k/a WT Lander, Individually and d/b/a Rutland Construction Services, Brazos Contractors Development, Inc. is only **35%** responsible for the injuries suffered by Henry Jefferson.

As compensatory damages for those injuries, the jury awarded **$2,150,000** in compensatory damages, apportioned as follows:

Physical pain sustained in the past, **$800,000.**

Physical pain that, in reasonable probability, Henry Jefferson will sustain in the future, **$200,000.**

Disfigurement sustained in the past, **$100,000.**

Disfigurement that, in reasonable probability, Henry Jefferson will sustain in the future, **$50,000.**

Physical impairment sustained in the past, **$250,000.**

Physical impairment that, in reasonable probability, Henry Jefferson will sustain in the future, **$250,000.**

Medical care expenses that, in reasonable probability, Henry Jefferson will incur in the future, **$500,000.**

It is therefore ORDERED that Henry Jefferson have and recover from Brazos Contractors Development, Inc. compensatory damages in the amount of **$752,200.**

## B.      Prejudgment Interest on Past Damages

The jury awarded damages for the personal injuries sustained in the past by Henry Jefferson in the amount of **$1,150,000**, of which Brazos Contractors Development, Inc. is responsible for **$402,500.** Therefore, prejudgment interest is governed by Texas Finance Code Sections 304.104 and 304.1045. Prejudgment interest began accruing on May 20, 2014, the date this suit was filed, and will continue accruing until the day preceding the date judgment is rendered.

It is ORDERED that Henry Jefferson have and recover from Brazos Contractors Development, Inc. **$66,881.37** for the prejudgment interest through September 15, 2017, plus **$55.14** per day until the day before this judgment is rendered.

## C. Post Judgment Interest

Post-judgment interest shall accrue on all amounts for which Brazos Contractors Development, Inc. is liable by this judgment at five percent (5%) per year, compounded annually from the date judgment is entered until the date the judgment is satisfied.

It is ORDERED that all amounts awarded in this judgment here rendered will bear interest at the rate of five percent (5%), compounded annually, from the date this judgment is signed until the date that the judgment is paid in full.

## II. Judgment against Defendant Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting

### A. Damages

The jury found that the negligence of Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting proximately caused the injuries sustained by Henry Jefferson. The jury also found that due to the acts of Defendant Brazos Contractors Development, Inc. and designated responsible third party Winn Traylor a/k/a WT Lander, Individually and d/b/a Rutland Construction Services, Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting is only **35%** responsible for the injuries suffered by Henry Jefferson.

As compensatory damages for those injuries, the jury awarded **$2,150,000** in compensatory damages, apportioned as follows:

Physical pain sustained in the past, **$800,000.**

Physical pain that, in reasonable probability, Henry Jefferson will sustain in the future, **$200,000.**

Disfigurement sustained in the past, **$100,000.**

Disfigurement that, in reasonable probability, Henry Jefferson will sustain in the future, **$50,000.**

Physical impairment sustained in the past, **$250,000.**

Physical impairment that, in reasonable probability, Henry Jefferson will sustain in the future, **$250,000.**

Medical care expenses that, in reasonable probability, Henry Jefferson will incur in the future, **$500,000.**

It is therefore ORDERED that Henry Jefferson have and recover from Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting compensatory damages in the amount of **$752,200.**

## B. Prejudgment Interest on Past Damages

The jury awarded damages for the personal injuries sustained in the past by Henry Jefferson in the amount of **$1,150,000,** of which Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting is responsible for **$402,500.** Therefore, prejudgment interest is governed by Texas Finance Code Sections 304.104 and 304.1045. Prejudgment interest began accruing on May 20, 2014, the date this suit was filed, and will continue accruing until the day preceding the date judgment is rendered.

It is ORDERED that Henry Jefferson have and recover from Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting **$66,881.37** for the prejudgment interest through September 15, 2017, plus **$55.14** per day until the day before this judgment is rendered.

## C.  Post Judgment Interest

Post-judgment interest shall accrue on all amounts for which Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting is liable by this judgment at five percent (5%) per year, compounded annually from the date judgment is entered until the date the judgment is satisfied.

It is ORDERED that all amounts awarded in this judgment here rendered will bear interest at the rate of five percent (5%), compounded annually, from the date this judgment is signed until the date that the judgment is paid in full.

## III.  Costs

For good cause shown on the record, it is ORDERED that Henry Jefferson have *each Defendant based on* and recover his recoverable court costs from ~~Brazos Contractors Development, Inc.~~ *the responsibility found by the jury.*

## IV.  Finality

This judgment is final and disposes of all claims and all parties and is appealable.  Any relief not granted herein is expressly denied.  The Court orders execution to issue for the satisfaction of this judgment.

Signed this _15th_ day of _September_, 2017.

_____
JUDGE PRESIDING


**AGREED TO IN FORM AND SUBSTANCE:**

**LAW OFFICE OF GEOFF ALLEN, PLLC**


By: _____
GEOFFREY M. ALLEN
Texas State Bar No. 24061105
P. O. Box 62025
Houston, Texas 77205
Telephone: (832) 316-3388
Fax: (281) 301-7742
Service E-Mail: Geoffallenlaw@comcast.net


**APFFEL LAW FIRM**


By: _____
E. A. "Trey" APFFEL, III
Texas State Bar No. 00000091
1406 West Main – Suite C
League City, TX 77573
Phone: (281) 332-7800
Fax: (281) 332-7887
Email for Service: trey@apffellaw.com

7 | P a g e

**KELLY, DURHAM & PITTARD, LLP.**


By: _Peter M. Kelly_____
**PETER M. KELLY**
Texas State Bar No. 00791011
1005 Heights Boulevard
Houston, TX 77008
Phone: (713) 529-0048
Fax: (832) 303-3121
Email for Service: pkelly@texasappeals.com

**ATTORNEYS FOR PLAINTIFF,**
**HENRY JEFFERSON**



**AGREED TO ONLY AS TO FORM:**

**JOHANSON & FAIRLESS, L.L.P.**



By:_____
**RANDY L. FAIRLESS**
Texas State Bar No. 06788500
1456 First Colony Blvd.
Sugarland, TX 77579
Telephone: (281) 313-5000
Fax: (281) 340-5100
E-Mail for Service: rfairless@jandflaw.com

**ATTORNEYS FOR DEFENDANT**
**BRAZOS CONTRACTORS DEVELOPMENT, INC.**

**AGREED TO ONLY AS TO FORM:**

**By:**_____

    **REBECCA RUTHERFORD**
11601 Shadow Creek Parkway 111-340
Pearland, TX 77573
Telephone: 281-607-5077
E-Mail for Service: brutherford.hoisting@outlook.com

**FOR DEFENDANT, REBECCA RUTHERFORD,
A/K/A BECKY RUTHERFORD, INDIVIDUALLY
AND D/B/A T & T HOISTING**

9/14/2017 12:06 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19432859
By: KATINA WILLIAMS
Filed: 9/14/2017 12:06 PM
Pgs-3

CAUSE NO. 2014-28653

4B
2014-28653-A
PABAX

| | | |
|---|---|---|
| HENRY JEFFERSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| JOHN DOE, REBECCA RUTHERFORD, | § | |
| A/K/A BECKY RUTHERFORD, | § | |
| INDIVIDUALLY AND D/B/A T&T | § | |
| HOISTING, WINN TRAYLOR LANDER | § | |
| A/K/A WT LANDER, INDIVIDUALLY | § | |
| AND D/B/A RUTLAND CONSTRUCTION | § | |
| SERVICES, AND BRAZOS | § | |
| CONTRACTORS DEVELOPMENT, INC. | § | 152ND JUDICIAL DISTRICT |

## ORDER FOR PARTIAL NEW TRIAL
### AND ORDER OF SEVERANCE

On the following date came on to be heard BRAZOS CONTRACTORS DEVELOPMENT, INC. ("Defendant") Unopposed Cross-Motion for Partial New Trial regarding its claims against REBECCA RUTHERFORD, A/K/A BECKY RUTHERFORD, INDIVIDUALLY AND D/B/A T & T HOISTING ("Rutherford") and, after reviewing the motion, the pleadings, and the arguments of counsel, if any, the Court finds the motion is well-founded and should be GRANTED. It is therefore,

ORDERED that the clerk of the Court shall assign the new cause of action relating to the Defendant's claims against Rutherford the separate cause number of 2014-28653-A (hereinafter the "severed case").

ORDERED that the following on file with this court should be copied from the underlying case and attached to Cause No. 2014-28653-A:

- Charge of the Court, filed on 06/29/2017

- Plaintiff's Fifth Amended Petition, filed on 06/16/2017

- Interlocutory Default Judgment, filed on 04/27/2017

I

- Third Party Plaintiff's Motion for NO-Answer Default Judgment Against Rebecca Rutherford a/k/a Becky Rutherford Individually and d/b/a T & T Hoisting, filed on 03/27/2017
  - Exhibit A to F of said Default Judgment, filed on 03/27/2017
  - Proposed Order for Interlocutory No-Answer Default Judgment, filed on 03/27/2017
- Citation Return, filed on 03/15/2017
- Order Granting Substituted Service Signed, filed on 02/09/2016
- Defendant/Third Party Plaintiff Brazos Contractor's Motion for Substituted Service of Process under Rule 106(b), T.R.C.P>, filed on 01/25/2016
  - Exhibit A to above, filed on 01/25/2016
- Defendant Brazos Contractors first amended third-party petition against Rebecca Rutherford a/k/a Becky Rutherford individually and d/b/a T&T Hoisting, filed on 09/02/2015
- Both Civil Process Request Form, filed on 10/09/2015
- Returned Mail Undeliverable, filed on 08/06/2015
  - Citation, filed on 08/06/2015
  - Domestic Return Receipt, filed on 08/06/02015
- Citation (certified), filed on 08/04/2015
- Domestic Return Receipt, filed on 07/29/2015
- All Certified Mail Receipts, filed on 07/28/2015
- All Citations, filed on 07/21/2015

2

- Defendant Brazos Contractors' Motion For Leave To File A Third-Party Petition Against Rebecca Rutherford A/K/A Becky Rutherford Individually And D/B/A T&T Hosting, filed on 07/14/2015
  - Exhibit 1 & 2 to above motion, filed on 07/14/2015
- Proposed order granting defendant Brazos Contractors' motion for leave to file a third-party petition against Rebecca Rutherford, a/k/a Becky Rutherford, individually and d/b/a T&T Hoisting, filed on 06/17/2015
- Defendant Brazos Contractors' Motion for Leave to File A Third-Party- Petition Against Rebecca Rutherford, A/K/A Becky Rutherford, Individually and D/B/A T&T Hoisting, filed on 06/08/2015
- Defendant's Original Answer and Jury Demand, filed on 07/11/2014
- Plaintiff's Original Petition, filed on 05/20/2014.

Defendant agrees to pay for all such copies or expenses as necessary.

ORDERED the new case, Cause No. 2014-28653-A, shall be left open until the underlying case is finalized, and all discovery and actions in the new case shall be abated until the underlying case is finalized and all appeals are exhausted or waived.

All other relief not expressly granted herein is hereby denied.

Signed on _____, 2017.

Signed:
9/15/2017  *Robert K Schaffer*

_____
JUDGE PRESIDING

3

CAUSE NO. 2014-28653

| HENRY JEFFERSON | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| JOHN DOE, REBECCA RUTHERFORD, | § | |
| A/K/A BECKY RUTHERFORD, | § | |
| INDIVIDUALLY AND D/B/A T&T | § | |
| HOISTING, WINN TRAYLOR LANDER | § | |
| A/K/A WT LANDER, INDIVIDUALLY AND | § | |
| D/B/A RUTLAND CONSTRUCTION | § | |
| SERVICES, AND BRAZOS | § | |
| CONTRACTORS DEVELOPMENT, INC. | § | 152ND JUDICIAL DISTRICT |

## DEFENDANT BRAZOS CONTRACTORS DEVELOPMENT, INC.'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant **BRAZOS CONTRACTORS DEVELOPMENT, INC**. ("Brazos Contractors") files this Motion for New Trial. Brazos Contractors expressly reserves its right to file additional motions or assert further challenges to the jury's findings as permitted under the TEXAS RULES OF CIVIL PROCEDURE. The fee for filing this motion is being paid electronically when the motion is filed. In support of this motion, Brazos Contractors respectfully shows the Court as follows:

### I. INTRODUCTION

After a trial on the merits, the Court submitted this personal-injury case to a jury. The jury returned an adverse verdict of liability and awarded Plaintiff damages totaling $819,081.37 plus post judgment interest at a rate of 5% compounded annually as to Brazos Contractors.[1] (Exhibit 1) The Court signed a judgment for Plaintiff on September

---

[1] The jury placed 35% of the responsibility on Brazos Contractors, 35% of the responsibility on defendant

15, 2017. (Exhibit 2) The judgment should be set aside and a new trial granted for any one or more of the following reasons.

## II.  STANDARD FOR GRANTING A NEW TRIAL

This Court should grant a motion for new trial pursuant to Rules 320, 324 and 329b of the TEXAS RULES OF CIVIL PROCEDURE when (a) the evidence is factually insufficient to support one or more of the jury's findings, (b) the jury's findings are against the overwhelming weight of the evidence, (c) the jury's damage findings are excessive, or (d) the court committed other errors necessitating a new trial. *See* TEX. R. CIV. P. 320, 324, 329b; *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 875 (Tex. 2008); *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 281 (Tex. 1984); *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex. 1991).

The test for determining whether the evidence presented at trial was legally sufficient to support a jury finding is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When the evidence offered to prove a material fact is so weak as to create a mere surmise or suspicion of its existence, the evidence is, in legal effect, no evidence and is therefore not sufficient. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). A court may also set aside a verdict for factual insufficiency where a jury's finding is so against the great weight and preponderance of the evidence that same is clearly wrong. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

---

Rebecca Rutherford a/k/a Becky Rutherford d/b/a T&T Hoisting, and 30% on defendant WT Lander d/b/a Rutland Construction Services.

## III. ARGUMENT

### A. The Court's ruling regarding Brazos Contractors' contractual retention of control and the inclusion of such ruling in an instruction submitted to the jury in Question 1 resulted in the rendition of an improper judgment.

#### 1. The Court's ruling on retention of control was incorrect under Texas law.

Texas law is well established that an owner or occupier of land who hires an independent contractor does not have a duty to protect the contractor's employees from hazards that are incidental to or part of the work that the independent contractor was hired to complete. *Clayton W. Williams v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997); *Shell Chem. Co. v. Lamb,* 493 S.W.2d 742, 747-48 (Tex. 1973). A premises owner or occupier is entitled to assume that an independent contractor will perform its responsibilities in a safe manner, taking proper precautions to assure the safety of its employees and subcontractors. See *Olivo,* 952 S.W.2d at 527. Where the activity is conducted and controlled by the independent contractor, and a dangerous activity arises out of the performance of the independent contractor, the duty to protect is that of the independent contractor and not the owner or occupier of the premises. *Abalos v. Oil Development Co. of Texas,* 544 S.W.2d 627, 631 (Tex. 1976).

In this instance, Realm Realty (i.e. the owner) entered into a standard AIA Document A101-2007 agreement with Brazos Contractors related to the development of the Dollar Tree project. (Exhibit 3) The agreement clearly envisions that Brazos Contractors would utilize subcontractors to perform the physical steel work on the project. In fact, contained within the general conditions accompanying the AIA agreement is an entire section related to subcontractors (See Article 5 of Exhibit 3). That article specifically requires that, between Brazos Contractors and its subcontractors, each subcontractor is

3

responsible for all obligations and responsibilities related to the work, "including the responsibility for safety of the [s]ubcontractor's work..." (See Article 5.3 of Exhibit 3) The agreement establishes no responsibility on the part of Brazos Contractors over the means, methods, or details of any subcontract workers. Thus, no duty can be said to have arisen from the AIA agreement on the part of Brazos Contractors with respect to the retention of control over subcontract workers, including Mr. Jefferson. Subsequent to that agreement, Brazos Contractors entered into a subcontract agreement with T&T Hoisting related to the steel erection on the project. The Subcontract Agreement establishes that T&T Hoisting was to provide all labor and equipment for the erection of all steel as per plans, specs and under the direction of David Kaszak. (Exhibit 4) The subcontract agreement further establishes that T&T Hoisting was responsible for ensuring the safety of its employees on the project, including Plaintiff. The subcontract agreement did not by any language establish any right or responsibility on the part of Brazos Contractors to control the means, methods, or details of T&T Hoisting's work. Again, no duty can be said to have arisen on the part of Brazos Contractors with respect to the retention of control over subcontract workers, including Mr. Jefferson.

During trial, Plaintiff argued and this Court ruled that Brazos Contractors retained control, other than the right to order the work to start or stop or to inspect the progress of the work or to receive reports, over the erection of the steel frame. The Court instructed the jury on that ruling within the submission of Question 1. Both the ruling and the instruction related thereto, however, were improper under Texas law and led to the rendition of an improper judgment.

4

To the extent that Plaintiff argued that the retention of control on the part of Brazos Contractors arose from the Standard AIA Agreement between Realm Realty and Brazos Contractors, such argument and basis for the Court's ruling is incorrect. A plaintiff cannot rely upon an upstream contract to establish the existence of a duty. *Gonzales v. VATR Construction LLC*, 418 S.W.3d 777, 786 (Tex.App. – Dallas 2013, no pet.) *See also, e.g., Wood v. Phonoscope, Ltd.*, No. 01-00-01054-CV, 2004 WL 1172900, at *10 (Tex.App. – Houston [1st. Dist.] May 27, 2004, no pet.) (mem. op.) (rejecting injured worker's attempt to rely on third-party contract between general contractor and the party who hired the general contractor to establish duty). Reliance on contractual provisions in a contract to which the injured worker or his employer are not a party or third-party beneficiary is improper under Texas law. T&T Hoisting and Mr. Jefferson are not parties to or beneficiaries of the AIA agreement between Realm Realty and Brazos Contractors. Thus, Mr. Jefferson is not entitled to rely on the upstream contract. Accordingly, there is no duty that can arise on the part of Brazos Contractors as to the Plaintiff from the Standard AIA Agreement. In this case, the document was not relevant to any issue to be determined by the jury, and as such it should not have been admitted into evidence. The prejudicial effect of such evidence outweighed any probative value it otherwise may have had. Accordingly, the admission of the Standard AIA Agreement and its accompanying conditions was improper, and to the extent this Court's ruling regarding retention of control stemmed from that document, such ruling was incorrect and improper.

Further, to the extent that Plaintiff argued that the retention of control on the part of Brazos Contractors arose from the Subcontract Agreement with T&T Hoisting, such argument and basis for this Court's ruling remains incorrect. In *Dow Chemical Co. v.*

5

*Bright*, 89 S.W.3d 602, 606-607 (Tex. 2002), the Supreme Court found that even where a contract exists between a contractor and subcontractor, without a specific duty of care or right to direct, control, or order the work, there is no contractual retention of control. The Court stated, "for a general contractor to be liable for its independent contractor's acts, it must have the right to control the means, methods, or details of the independent contractor's work. Further, **the control must relate to the injury the negligence causes**, and the contract must grant the contractor at least the power to direct the order in which the work is to be done." *Id.*, citing *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 804 (Tex. 1999) (emphasis added). Bright argued that Dow had a contractual right to control the work because Dow required its independent contractors to comply with the safety rules promulgated by Dow. Dow argued that the contract established that the independent contractor had the right to control its own work. The Court concluded that the contract language did not impose upon Dow any duty of care related to the contractor's workers. The agreement did not delegate to Dow the right to control the means, methods, or details of the contractor's work. *Id.* at 606-607. See also *Joeris Gen. Contrs., Ltd. v. Cumpian*, 2016 Tex. App. LEXIS 13493 *9, 28-29 (Tex. App.--San Antonio Dec. 21, 2016) ("there must be a nexus between a general contractor's retained supervisory control and the condition or activity that caused the injury"; in other words, the contractor's control must directly affect, cause or relate to the complained-of injuries.)

In the case at hand, the Subcontract Agreement does not meet the standard set forth by the Texas Supreme Court with respect to the level of control necessary to create a contractual retention of control. In fact, the contract at issue is completely devoid of any reference to Brazos Contractors' right or responsibility to control the means, methods, or

6

details of T&T Hoisting's work (i.e. the injury-causing activity). The contract states that the work is to be done as per plans, specs and under the direction of David Kascak, but there is no mention of control over the methods to be used by T&T Hoisting's workers. Moreover, there is no mention of any contractual control by Brazos Contractors with respect to the injury-causing activity (i.e. the installation of the cross braces). To the contrary, the contract imposes upon T&T Hoisting the responsibility to ensure that all work performed by its workers is performed in a safe manner and in accordance with all standards, rules and regulations. As was the case in *Dow*, there is no contractual duty imposed upon Brazos Contractors here. The Court's ruling to the contrary was not in accord with well-established Texas law. Such ruling was improper, constituted error, and it led to an improper judgment.

## 2. The inclusion of an instruction in the charge setting forth the incorrect ruling was improper.

The error of the Court's incorrect ruling regarding retention of control was compounded by its inclusion as an instruction in Question 1 of the Charge of the Court. An instruction to the jury must accurately state the applicable law. *See Texas Workers' Compensation Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex. 2000); *Gulf Coast State Bank v. Emenhiser*, 562 S.W.2d 449, 453 (Tex. 1978) (charge that misstates substantive law applicable to facts is improper); *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 822 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (proper instruction must assist jury and be legally correct). Moreover, an instruction may not improperly comment on the evidence or advise the jury of the effects of their answers. *See* TEX. R. CIV. P. 277. Jury instructions concerning issues decided as a matter of law may amount to improper

7

comments on the weight of the evidence when they suggest to the jury how the remaining issue should be resolved. *See Redwine v. AAA Life Ins. Co.*, 852 S.W.2d 10, 15–16 (Tex. App.—Waco 1993, no writ) (reversal required because instruction that there was no breach of fiduciary duty suggested that trial court viewed defendant's case favorably and that jury should resolve remaining causes of action in favor of defendants).

In this instance, the Court's instruction that there was a contractual retention of control over the steel work by Brazos Contractors constituted a misapplication of Texas law and, as such, it was incorrect. Moreover, putting aside the merits of the ruling, the jury should not have been instructed regarding the Court's legal ruling at all; rather, the jury merely should have been asked the remaining factual issue to be determined (i.e. whether there was a breach of ordinary care and proximate cause) without the unnecessary and, in this case, improper influence of a legal instruction. The inclusion of the instruction in fact imposed an improper influence on the jury, and it resulted in the rendition of an improper judgment.

## B. The submission of the charge, including numerous issues of negligence-based liability as to Brazos Contractors, was improper and led to the rendition of an improper judgment.

Following the presentation of Plaintiff's case, Mr. Jefferson requested the submission of four separate negligence-based questions against Brazos Contractors. The first question inquired as to Brazos Contractors' negligence in retention of control over erection of the steel frame (for the entire building). The second question inquired as to whether Brazos Contractors exercised control over the installation of the cross-brace at issue (in other words, the injury-causing activity). The third question inquired as to whether Brazos Contractors was negligent with respect to the exercise of the control, if

8

any, found in the preceding question (there ultimately was no such control found). The fourth question inquired as to Brazos Contractors' negligent undertaking with respect to installation of the cross-brace in question (again, the injury-causing activity). Brazos Contractors objected to the multiple negligence-based liability questions. The objections were overruled, and the case was submitted as noted.

With regard to separate questions related to control of the work, there should have only been a single question regarding the negligence issue, which should not have contained any instruction that Brazos Contractors retained control. Instead, the single jury question should have read: Did Brazos Contractors Development, Inc. exercise or retain some control over the manner in which the cross-brace in question was installed at the time of the injury to Henry Jefferson, other than the right to order the work to start or stop or to inspect progress or receive reports?[2] In other words, the jury should have been asked to determine whether or not Brazos Contractors exercised or retained control over the manner in which the cross-braces in question were installed (i.e. the injury-causing activity). The submission of multiple questions, with differing terms and defined activities, was likely to (and in fact did) lead to conflicting findings.

The first question submitted to the jury is not in accord with Texas law as set forth above. The question is prefaced by an incorrect legal determination that Brazos Contractors owed a duty to Jefferson based on a general contractual retention of control over the erection of the entire structural steel frame. General control over the project as a whole, however, is significantly broader than control over the injury-causing activity, and it

---

[2] Brazos Contractors does not waive any argument regarding whether the submission of negligent undertaking in Question 4 was proper at all or whether same was proper as written and hereby preserves such argument for appeal.

9

presents an incorrect statement of law. Some control over the site in general is not sufficient for imposition of liability. As established above, there must be a nexus between Brazos Contractors' control and the injury-causing activity (i.e. the installation of the cross-brace in question). Question 1 does not reflect that nexus, and the question, as worded, is not based on evidence relating to such a nexus.[3] As a result, the question was improper, and the jury's finding of negligence in exercising control over the erection of the steel frame does not constitute negligence which is actionable or upon which recovery may be had. Quite plainly, Question 1 was irrelevant and of no consequence with respect to the liability of Brazos Contractors; Question 1 should not have been submitted.

**C. There is a conflict among the jury's findings regarding the potential liability of Brazos Contractors which cannot reasonably be reconciled and which resulted in an improper judgment.**

The error resulting from the improper submission of the Charge is demonstrated by the conflicting findings between Question 1 and Questions 2 and 4. In connection with the first question regarding whether Brazos Contractors was negligent with respect to the retention of control over the steel frame project, the jury answered affirmatively. In the very next question, however, the jury answered negatively, finding that there was no control (and thus no negligence) by Brazos Contractors over the injury-causing activity (i.e. the installation of the cross braces). And then in Question 4, the jury was asked again about Brazos Contractors' potential negligent undertaking regarding the injury-causing activity (i.e. the installation of the cross braces). Again, the jury found no negligence on the part of Brazos Contractors. The determination that there was no negligence with

---

[3] The nexus required by Texas law is actually found in Questions 2 and 4, and the jury found ne negligence as to Brazos Contractors in response to those questions.

10

respect to the injury-causing activity (in response to two separate questions), but there was negligence with respect to the overall steel project, is a conflict that cannot be resolved absent the Court's disregard of the jury's answer to Question 1 or a new trial.

The jury's answers to Question 1, 2, and 4 are in conflict with regard to the potential negligence of Brazos Contractors. However, the jury unquestionably found that there was no exercise of control by Brazos Contractors over the injury-causing activity. The jury also found that there was no negligence with respect to Brazos Contractors' undertaking to perform services with respect to the installation of the cross braces at the construction site. As such, on both occasions when the jury was asked about the specific injury-causing activity, that being the installation of the cross braces, the jury found no control, no negligence, and no proximate cause on the part of Brazos Contractors. Such findings should in and of themselves absolve Brazos Contractors of any liability in this litigation. However, this Court instead entered judgment based not on the jury's findings to the foregoing questions, but rather only in accordance with Question 1, which as submitted is not based on proper application of Texas law. The jury in this instance should only have been asked to make a finding regarding negligence related to the specific activity being performed at the time of the accident, in other words the injury-causing activity. Question 1 did not make such an inquiry. The jury's answer thereto is improper as it is not based on Texas law, and it is of no consequence with respect to the proper outcome of this case. The finding in response to Question 1 cannot be reconciled with the jury's findings in the remaining liability questions, therefore resulting in a conflict and leading to the rendition of an improper judgment.

11

**D. The Court erred in disregarding the jury's findings in response to Questions 2 and 4.**

When the Court entered Judgment in this instance, the Court did so based upon the jury's finding in response to Question 1. In doing so, the Court disregarded the jury's findings in response to Questions 2 and 4, which were the only liability issues as to Brazos Contractors that related to the injury-causing activity. The Court's entry of judgment in accordance with Question 1 was improper, and it constitutes error for which a new trial is warranted.

As is well established in Texas law, there must be a causal nexus between a general contractor's supervisory control and the specific activity that causes the complained-of injury. Control relating to activities other than (or broader than) the injury-causing activity are of no consequence to the determination of liability. Rather, the general contractor's control must directly affect, cause or relate to the complained-of injuries. In this instance, Question 1 (and the jury's answer thereto) does not pertain to Brazos Contractors' control over the injury-causing activity (i.e. the installation of the cross-braces). Questions 2 and 4 however, inquire as to such a relation. In response to both of the issues related to the injury-causing activity, the jury found that there was no negligence and no proximate cause between Brazos Contractors' control and the injury-causing activity. Pursuant to Texas law, judgment should have been entered in accordance with the jury's findings to Questions 2 or 4. Entry of judgment in accordance with Question 1, disregarding the jury's answers to Questions 2 and 4, however, was improper as same involved an incorrect application of the law.

The Court's disregard of the jury's findings regarding negligence pertaining to the injury-causing activity constitutes error and, as a result, a new trial is warranted.

**E. The evidence is legally or factually insufficient to support the jury's liability finding in Question 1.**

The first liability issue submitted to the jury pertained to the potential negligence of Brazos Contractors with respect to the erection of the steel (i.e. the overall project as opposed to the installation of the cross braces, which was the injury-causing activity).[4] The evidence presented during trial, however, established that nothing that Brazos Contractors did or failed to do caused or contributed to this accident. In other words, the evidence at trial established that there was no breach of any duty owed, and there was no causal nexus between Brazos Contractors and the incident. Brazos Contractors did not supervise or oversee the subcontractors' work. It did not direct the subcontractors with respect to the means and methods of their work nor how to perform their work in a safe manner. In fact, there was no evidence that Brazos Contractors had any involvement in the injury-causing activity. Brazos Contractors did not handle any of the cross braces, nor did Brazos Contractors operate the forklift that was being used to raise any of the braces. Regarding the involvement of Brazos Contractors, the testimony demonstrated that Mr. Kaszak was responsible for scheduling and coordination of the trades in order to ensure that the project moved forward in an orderly and timely manner. He did not direct the workers, and he did not control their work.

The installation of the cross braces (i.e. the injury-causing activity) in this instance was under the control of Mr. Jefferson. He was in charge of the crew; the other crew

---

[4] Brazos Contractors' complaints pertaining to the improper ruling regarding retention of control and the submission of the instruction in that regard is addressed separately herein and is not waived.

13

members/workers looked to him for direction. Mr. Jefferson had installed cross braces on other projects, and he knew the proper way to perform the work. In fact, Mr. Jefferson was acting as the leadman (i.e., person in charge when the foreman is gone) at the time of the accident and, by his own admission, was actually acting as the foreman for the T&T Hoisting crew. As the leadman/foreman, Mr. Jefferson received his instructions from Rebecca Rutherford—the owner of T&T Hoisting—or W.T. Landers—the owner of Rutland Construction—and then Mr. Jefferson would direct the T&T Hoisting crew on how to complete the work. Mr. Jefferson specifically denied getting his instructions from Brazos.

The testimony of Andre Simon, Plaintiff's co-worker, further demonstrated the lack of any control on the part of Brazos Contractors. He, too, testified that to the extent there was any direction regarding the work activities, same came from his and Mr. Jefferson's employer, WT Landers, and not from anyone at Brazos Contractors. Brazos Contractors, after all, was not their supervisor. On the job site, and at the time of the incident, Mr. Jefferson made decisions regarding how the work would be performed.

At the time of the accident, Mr. Jefferson and his crew had all of the steel columns of the building in place, and they were in the process of attaching the cross braces, or wind braces, between the columns. To do so, they had to position the cross brace using a forklift, and then connect one end to the bottom of one column and the other end to the top of an adjacent column—at a diagonal. The crew installed three cross braces using this procedure (bottom first and then top), but prior to starting the installation of the fourth cross brace—at the suggestion of the forklift driver and under the approval of Mr. Jefferson—the crew changed the process and decided to attach the top of the cross

14

brace first and then attempted to attach the bottom. The cross brace got in a bind at the bottom and began to bow—because of the incorrect procedure being used—and Plaintiff positioned himself close to the beam, and he instructed the forklift driver to raise the beam. The forklift driver applied additional pressure on the beam causing it to bow more and eventually release, striking Mr. Jefferson in the face.

Assuming *arguendo* that there was a contractual right to control on the part of Brazos Contractors (which Brazos Contractors disputes as set forth herein), same does not equate to negligence. To be sure, negligence requires a finding of a breach and of proximate cause. In other words, and as the jury was instructed, Brazos Contractors' conduct must have been a substantial factor in bringing about the incident, and without Brazos Contractors' negligence such incident would not have occurred. The evidence presented in this instance did not, and cannot, rise to such a level. In fact, the absence of negligence on the part of Brazos Contractors is demonstrated in the jury's findings on the next two liability issues, wherein the jury determined on both issues that there was no negligence on the part of Brazos Contractors with respect to the installation of the cross braces. If there was no negligence and no causation with respect to the injury-causing activity, there cannot have been negligence or causation regarding the entire project. The jury's finding in response to Question 1 was, therefore, improper.

Based on the evidence presented during the trial of this cause, such evidence is factually or legally insufficient to support the jury's finding in response to Question No. 1. In that regard, the evidence is factually insufficient to support the jury's finding that Brazos Contractors failed to use ordinary care. The evidence is factually insufficient to support the jury's finding that the occurrence was foreseeable to Brazos Contractors. The

evidence is factually insufficient to support the jury's finding that any negligence of Brazos Contractors proximately caused the occurrence in question. The evidence is legally and factually insufficient to support the Court's finding that Brazos Contractors owed a duty to Plaintiff in this instance, and the evidence is legally and factually insufficient to support the finding that Brazos Contractors retained and/or exercised control over the work Plaintiff performed and/or the injury-causing activity. The jury's finding in Question 1 that Brazos Contractors was negligent and that its negligence was a proximate cause of the occurrence is supported by no evidence or, at the very least, factually insufficient evidence. The issue was not based on sufficient evidence, and it should not have been submitted.

**F. The jury's finding of liability in response to Question 1 is against the great weight and preponderance of the evidence.**

Brazos Contractors incorporates the arguments set forth above as if restated fully herein. For the same reasons, Question 1 should not have been submitted to the jury. The issue constitutes an improper statement of Texas law in that negligence is defined as pertaining to the steel frame project as opposed to the injury-causing activity, namely the installation of the cross braces. Moreover, based on the evidence presented, the jury's finding of negligence as to Brazos Contractors is against the great weight and preponderance of the evidence.

**G. The evidence is legally or factually insufficient to support the jury's finding in Question 5.**

Brazos Contractors incorporates the arguments set forth above as if restated fully herein. The jury's answer to Question 5 with respect to the negligence of Plaintiff should be set aside and a new trial granted. Based on the evidence presented, same

16

demonstrated that Plaintiff was negligent and that such negligence caused and/or contributed to cause the incident and the injuries of which he complains. The jury's finding of no negligence as to Plaintiff is against the great weight and preponderance of the evidence and/or there is no evidence, or there is legally and/or factually insufficient evidence, to support the jury's finding.

**H. The evidence is legally or factually insufficient to support the jury's apportionment of responsibility in Question 6.**

The jury's answers to Question 6 should be set aside and a new trial granted for any of the following reasons. The evidence is factually or legally insufficient to support the finding in answer to Question 6 that Brazos Contractors was 35% responsible for causing or contributing to cause the occurrence. The evidence is factually or legally insufficient to support the finding in answer to Question 6 that Plaintiff was 0% responsible for causing or contributing to cause the occurrence.

**I. The evidence is legally or factually insufficient to support the damages the jury awarded in Question 7, and the jury's award with respect to future medical expenses is excessive.**

**1. The award for future medical care and treatment.**

The jury awarded Plaintiff $500,000 for medical care expenses that Plaintiff will incur in the future. Such award, however, was not based on the evidence that was presented during trial and is excessive.

With respect to medically necessary future medical care and treatment, the only evidence presented by Plaintiff pertained to the testimony of Dr. Cohen, a dentist, who testified that Plaintiff would require dental treatment at a cost of $123,000. No other treating physician or retained medical doctor testified regarding future medical

17

necessities or the costs associated therewith based upon a reasonable degree of medical probability. Instead, the Plaintiff called as a witness Valerie Purcell, a nurse consultant who testified regarding a life care plan that she created for the instant litigation. Ms. Purcell, however, is not a medical doctor. She admitted during her trial testimony that she was not qualified to testify regarding medical necessity and, in fact, she agreed that she was not testifying to medical necessity as regards the amounts set forth in her life care plan. Accordingly, with the exception of Dr. Cohen's testimony regarding dental treatment, the future medical expenses set forth in Ms. Purcell's life care plan were not based upon any testimony or evidence of "medical necessity" based upon a reasonable degree of medical probability.

The jury should not have been permitted to consider any evidence pertaining to future medical expenses beyond the $123,000 that was set forth by Dr. Cohen. Any amount awarded for future medical expenses beyond the dental treatment is devoid of evidentiary basis. As a result, the jury's award of $500,000 is not supported by the evidence, and it is excessive.

**2. The awards for physical pain, disfigurement, and physical impairment.**

The evidence presented at trial is factually or legally insufficient to support the jury's findings in answer to Question 7 and each of its subparts regarding Plaintiff's damages. The jury's answers to Question 7 should be set aside and a new trial granted for the following reasons.

The jury's finding in answer to Question 7(a) that Plaintiff sustained $800,000 in past physical pain is not supported by factually or legally sufficient evidence, is excessive, and should be substantially remitted.

18

The jury's finding in answer to Question 7(b) that Plaintiff will, in reasonable probability, sustain $200,000 in future physical pain is not supported by factually or legally sufficient evidence, is excessive, and should be substantially remitted.

The jury's finding in answer to Question 7(d) that Plaintiff sustained $100,000 in past disfigurement is not supported by factually or legally sufficient evidence, is excessive, and should be substantially remitted.

The jury's finding in answer to Question 7(e) that Plaintiff will, in reasonable probability, sustain $50,000 in future disfigurement is not supported by factually or legally sufficient evidence, is excessive, and should be substantially remitted.

The jury's finding in answer to Question 7(f) that Plaintiff sustained $250,000 in past physical impairment is not supported by factually or legally sufficient evidence, is excessive, and should be substantially remitted.

The jury's finding in answer to Question 7(g) that Plaintiff will, in reasonable probability, sustain $250,000 in future physical impairment is not supported by factually or legally sufficient evidence, is excessive, and should be substantially remitted.

The Court should disregard the jury's answers to Question 7 as immaterial because the evidence is legally and factually insufficient to support the jury's answers to Question 7.

IV.    CONCLUSION

For the foregoing reasons, Defendant Brazos Contractors requests that this Court grant all of the relief requested in this motion, vacate the judgment, and order a new trial. Alternatively, Brazos Contractors requests that the Court vacate the judgment, enter judgment in accordance with the jury's findings in response to Questions 2 and 4 and

19

order a remittitur of the damages found by the jury. Brazos Contractors further prays for any and all such other relief to which is may show itself justly entitled.

Respectfully submitted,

**JOHANSON & FAIRLESS, L.L.P.**

*Kelley J Friedman*

RANDY L. FAIRLESS, SBN: 06788500
KELLEY J. FRIEDMAN, SBN 00796582
TIMOTHY J. NISBET, SBN: 24070334
1456 First Colony Blvd.
Sugar Land, Texas 77479
(281) 3140-5102
Fax: (281) 340-5100

ATTORNEYS FOR DEFENDANT,
**BRAZOS CONTRACTORS DEVELOPMENT, INC.**

20

# CERTIFICATE OF SERVICE

I, KELLEY J. FRIEDMAN, do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following attorneys of record in accordance with the Texas Rules of Civil Procedure, on this 16th day of October, 2017:


Trey Apffel
Apffel Law Firm
1406 West Main, Suite C
League City, TX 77573
trey@apffellaw.com

Peter M. Kelly
Kelly, Durham & Pittard, L.L.P.
1005 Heights Blvd.
Houston, Texas 77008
pkelly@texasappeals.com

Geoffrey M. Allen
Law Office of Geoff Allen, PLLC
P.O. Box 62025
Houston, TX 77205
geoffallenlaw@comcast.net



*Kelley J Friedman*
KELLEY J. FRIEDMAN

(12) CONNECTION(S) FOUND.

| CASE NUM: | 201428653 | PJN: | | TRANS NUM: | | CURRENT COURT: | 152 | PUB: | Please Select |
|---|---|---|---|---|---|---|---|---|---|

| CASE TYPE: | PERSONAL INJ (NON-AUTO) | | CASE STATUS: | DISPOSED (FINAL) |
|---|---|---|---|---|
| STYLE: | JEFFERSON, HENRY | VS | REBECCA RUTHERFORD, A/K/A BECKY RUTH |

**** INACTIVE PARTIES ****

| | PJN | PER/CONN | COC | BAR | PERSON NAME | PTY STAT | ASSOC. ATTY |
|---|---|---|---|---|---|---|---|
| ☐ | | 00011 - 0001 | 3PP | 06788500 | BRAZOS CONTRACTORS AND DEVELOPMENT IN | | FAIRLESS, RANDY LYNN |
| ☐ | | 00010 - 0002 | 3PD | | RUTHERFORD, REBECCA A/K/A BECKY RUTHERI | | |
| ☐ | | 00002 - 0002 | 3PD | | REBECCA RUTHERFORD, A/K/A BECKY RUTHERI | | |
| ☐ | | 00010 - 0001 | DEF | | RUTHERFORD, REBECCA A/K/A BECKY RUTHERI | | |
| ☐ | | 00008 - 0001 | AGT | | BRAZOS CONTRACTORS DEVELOPMENT INC (A | | |
| ☐ | | 00007 - 0001 | DEF | | RUTHERFORD, REBECCA (A/K/A BECKY RUTHER | | |
| ☐ | | 00006 - 0001 | DEF | 06788500 | BRAZOS CONTRACTORS DEVELOPMENT INC | | FAIRLESS, RANDY LYNN |
| ☐ | | 00005 - 0001 | DEF | | RUTLAND CONSTRUCTION SERVICES | | |
| ☐ | | 00004 - 0001 | DEF | | T & T HOISTING | | |
| ☐ | | 00003 - 0001 | DEF | | LANDER, WINN TRAYLOR (A/K/A W T LANDER INI | | PRO-SE |
| ☐ | | 00002 - 0001 | DEF | | REBECCA RUTHERFORD, A/K/A BECKY RUTHERI | | |
| ☐ | | 00001 - 0001 | PLT | 24061105 | JEFFERSON, HENRY | S | ALLEN, GEOFFREY MICHAEL |